UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THOMAS E. MOBILIA, an individual, and THOMAS R. MOBILIA, an individual, | Case No. |
| Plaintiffs, | Hon. |
| v. | |
| NATIONAL CREDIT ADJUSTERS, LLC, a foreign limited liability company, | |
| Defendant. | |

| | |
|---|---|
| Allison E. Sleight (P73399)<br>RHOADES McKEE PC<br>161 Ottawa Avenue NW – Ste. 600<br>Grand Rapids, MI 49503<br>(616) 235-3500 | National Credit Adjusters, L.L.C.<br>c/o LexisNexis Document Solutions, Inc.<br>601 Abbott Road<br>East Lansing, MI 48823 |

## COMPLAINT

Plaintiffs, by and through their attorneys of record, Rhoades McKee PC, states as follows in support of his Complaint against Defendant:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331. Supplemental jurisdiction for state law claims arises pursuant to 28 USC §1367.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims at issue in this litigation.

3. Defendant to this lawsuit is National Credit Adjusters, LLC which is a Kansas limited liability company, with registered offices in East Lansing, Michigan. Personal jurisdiction is established as Defendant does business in this district, including in Kent County and throughout the State of Michigan.

4. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts. Defendant uses the mail in a business whose principal purpose is the collection of consumer debts and regularly attempts to collect debts of another throughout the nation, including the State of Michigan and County of Kent.

5. Plaintiff is a natural person residing in Seaford, New York.

6. Venue is proper in the Western District of Michigan, under 28 U.S.C §1391.

## FACTUAL ALLEGATIONS

7. This case involves money, property, or other equivalents, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt.

8. Upon information and belief, the original creditor for the alleged consumer debt was Anasazi Group, LLC.

9. Defendant contacted Plaintiffs an extraordinary number of times by phone on numerous occasions.

10. During Defendant's phone conversation with Plaintiffs, Plaintiffs informed Defendant he did not owe this alleged debt.

11. Plaintiffs inquired into the location of the debt collection agency and Defendants provided Plaintiffs with an address. Plaintiffs went to the address and found that the address was vacant and/or non-existent.

12. On June 28, 2012, Defendant sent or caused to be sent to Plaintiff via the United States Mail, the collection letter attached as **Exhibit 1**.

13. The letter is a "communication" made in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

14. Defendant's June 28, 2012, letter is a standard form letter mass mailed by Defendant as shown by the numbers at the bottom, right corner of the letter.

15. Defendant's letter, seeks to collect $382.50 for an alleged debt incurred by Plaintiff for personal, family, and/or household purposes.

16. Defendant's letter offers to settle the debt and states: "[o]nce the account is paid, NCA will, at your request, send a receipt upon request and we will also inform the credit reporting agencies that the account has been paid."

17. Defendant has contacted Plaintiffs by phone several times daily with respect to this alleged debt and has informed Plaintiffs "we are coming after you," and otherwise threatening unintended immediate legal action if payment was not received.

18. As a result of the circumstances described above, Plaintiffs suffered actual damages, including emotional distress.

## COUNT I –
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

19.  Plaintiffs incorporate by reference the preceding paragraphs, as though set forth in full herein.

20.  Therefore, Defendant is and was at all relevant times a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

21.  Plaintiffs are "consumers" for the purposes of the FDCPA and the accounts at issue in this case is a consumer debt.

22.  Plaintiff allegedly incurred a financial obligation – allegedly, a pay day loan – for primarily, personal, family or household purposes that is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23.  The statements contained in the aforementioned letter violated the Fair Debt Collection Practices Act.  Defendant's violations include, but are not limited to, the following: (1) Defendant failed to properly and completely give the validation notice required by 15 USC 1692g; (2) Defendant's false threat to initiate legal action violates 15 USC 1692e(5); and, (3) Defendant's further actions in violation of §1692e(1), §1692e(2), §1692e(5), §1692e(8), and §1692e(10).

WHEREFORE, as a result of Defendant's violations of the FDCPA, Plaintiffs have suffered actual damages, including emotion distress, and are also entitled to an award of statutory damages, costs, and attorneys' fees as set forth below.

## COUNT II –
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

24.  Plaintiffs incorporate by reference the preceding paragraphs, as though set forth in full herein.

25. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), MCL 339.901(b).

26. Plaintiffs are debtors as that term is defined in MCL 339.901(f).

27. Defendant's willful actions in attempting to collect this alleged debt violated MCL 339.915.

28. Plaintiffs have suffered damages as a result of these violations.

WHEREFORE, as a result of Defendant's violations of the MOC, Plaintiffs have suffered actual damages, including emotional distress, and are also entitled to an award of statutory damages, costs, and attorneys' fees as set forth below.

## COUNT III – 
## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiffs incorporate by reference the preceding paragraphs, as though set forth in full herein.

30. Defendant is and was at all relevant times a "Regulated Person" as that term is defined in the Michigan Collection Practices Act, ("MCPA") at MCL §445.251.

31. Plaintiffs are "Consumers" as that term is defined in the MCPA at MCL 445.251.

32. Defendant's willful actions in attempting to collect this alleged debt violated MCL 445.252.

WHEREFORE, as a result of Defendant's violations of the MCPA, Plaintiffs have suffered actual damages, including emotional distress, and are also entitled to an award of statutory damages, costs, and attorneys' fees as set forth below.

## COUNT IV –
## NEGLIGENCE

33. Plaintiffs incorporate by reference the preceding paragraphs, as though set forth in full herein.

34. Defendant owed a duty to Plaintiff, Thomas R. Mobilia, to act reasonably and with ordinary care in the protection of the personal information it gathered.

35. Defendant breached the duties owed to Plaintiff Thomas R. Mobilia in the following manners:

   a. Defendant's actions in leaking, selling, and/or providing his social security number and driver's license number to third parties;

   b. Defendant's actions in failing to discover, inspect, and correct deficiencies in its security systems to prevent the leak of his social security number and driver's license number to third parties;

   c. Defendant's actions in violation of Michigan's Social Security Number Privacy Act, MCL 445.81, *et seq.*; and,

   d. In otherwise failing to use reasonable care in the protection of his social security number and driver's license number.

36. As a direct and proximate result of Defendant's negligence, Plaintiff Thomas R. Mobilia, suffered a theft of his identity, which required extensive action on his part to mitigate and, on an ongoing basis, requires extensive monitoring using a costly "fraud alert" system on his credit report.

WHEREFORE, relief is requested as set forth below.

## COUNT V –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiffs incorporate by reference the preceding paragraphs, as though set forth in full herein.

38. Defendant's conduct as outlined above was intentional.

39. Defendant conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

40. Defendant's conduct has resulted in severe and serious emotional distress.

41. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged.

WHEREFORE, relief is requested as set forth below.

## COUNT VI –
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs incorporate by reference the preceding paragraphs, as though set forth in full herein.

43. Defendant has continually harassed Plaintiffs by phone several times per day, at various hours during the day, in an effort to collect an alleged debt.

44. The consistent collection calls from Defendant have caused severe emotional distress to Plaintiffs, including but not limited to, increased anxiety, interference with personal and business relationships, and such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

WHEREFORE, relief is requested as set forth below.

## DEMAND FOR RELIEF

Plaintiffs request that this Court grant them the following relief against Defendant:

    a.    Actual damages for emotional distress caused by Defendant's actions in violation of the aforementioned acts and Michigan's statutory and common law;

    b.    Statutory damages for Defendant's actions in the amount of $1,000 for each Plaintiff pursuant to 15 U.S.C. §1692k(a)(1);

    c.    Statutory damages for Defendant's actions in violation of Social Security Number Privacy Act, MCL 445.81, *et seq.*;

    d.      An award of the costs of this litigation and reasonable attorneys' fees;

    e.      Treble damages pursuant to statutory authority;

    f.      An injunction against any further collection activity; and,

    g.      Such other relief as this Court deems necessary and appropriate.

RHOADES McKEE PC
Attorneys for Plaintiffs

Dated: August 30, 2012

By: _____
Allison E. Sleight (P73399)
Business Address:
600 Waters Building
161 Ottawa Ave., NW
Grand Rapids, MI 49503
(616) 235-3500

# EXHIBIT

# 1

Department 835
PO BOX 4115
CONCORD CA 94524

|||||||||||||||||||||||||||||||||||||||||||||

June 28, 2012

PERSONAL AND CONFIDENTIAL
Address Service Requested

#BWNFTZF #NCA6179420312068#

THOMAS MOBILIA
2425 MAPLE ST
SEAFORD NY 11783-2914



**NATIONAL CREDIT ADJUSTERS**
PO Box 3023 - 327 W 4th St.
Hutchinson, KS 67504-3023
Toll Free: 1-866-269-8070
Fax: 620-664-5947
www.ncaks.com

NATIONAL CREDIT ADJUSTERS
PO Box 3023
Hutchinson, KS 67504-3023

Current Balance:      $510.00
NCA Reference Number  7913803

Original Creditor:     Anasazi Group LLC
NCA Reference Number   7913803
Current Balance:       $510.00

# SPECIAL SETTLEMENT OFFER
# $382.50

National Credit Adjusters has been trying to make contact with you by phone, or letter regarding your outstanding debt. You have chosen to ignore our attempts to work this out in the past.

This can only mean you are having financial difficulties, or procrastinating on a problem that is not going away, unless you take steps to resolve it.

To help out, NCA is willing to settle your account for $382.50, that is .75 cents on the dollar. All you need to do is call our office and accept the settlement and have your payment in our office by 7/19/2012, or this offer becomes null and void, and we are not obligated to renew this offer.

If you need more time to raise the funds or simply need a payment plan on the balance of your account, it is important that you call today.

Once the account is paid, NCA will, at your request, send a receipt upon request and we will also inform the credit reporting agencies that the account has been paid.

You can call us at 1-866-269-8070 between the hours of 8:00 am and 8:00 pm, CST, Monday through Thursday and 8:00 am to 12:00 pm, CST, Friday. After hours and weekends we have voice mail to receive any messages.

Call us for payment options.

This letter is null and void if prior arrangements have been made, if we have already received your full balance or if we have already sold your account.

This communication is from a debt collector trying to collect a debt. All information obtained will be used for that purpose.

Sincerely,
National Credit Adjusters
New York City Department of Consumer Affairs license number 1142510

NCALT101-0628-269350911 2863